# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:16-cv-451-FDW
## (3:04-cr-74-FDW-CH-1)

| | |
|---|---|
| RONALD BERNARD WALKER, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) ) Respondent. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court denies and dismisses the petition.

## I. BACKGROUND

In October 2005, pro se Petitioner Ronald Bernard Walker pleaded guilty in this Court to possession with intent to distribute crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. (Crim. Case No. 3:04cr74-FDW-CH-1, Doc. No. 43: Acceptance and Entry of Guilty Plea). Before sentencing, the probation office prepared a presentence report, finding that, based on a total offense level of 31, and a criminal history category of VI, the guidelines range for imprisonment was 188 to 235 months. (PSR at ¶ 76). The PSR noted that the statutory maximum sentence for the underlying Section 841(b)(1)(B) violation was 40 years. (Id. at ¶ 75). Before sentencing, this Court granted the Government's motion for downward departure based on substantial assistance. (Id., Doc. No. 56: Statement of Reasons).

1

On January 4, 2007, this Court sentenced Petitioner to 94 months in prison, to be followed by four years of supervised release. (Id., Doc. No. 55: Judgment). Petitioner served his custodial sentence and was released, with supervised release commencing on October 7, 2011. (Id., Doc. No. 71 at 1: U.S. Probation Petition). On February 1, 2012, Petitioner was arrested on charges that he had violated the conditions of his supervised release. (Id., Docket Entry 2/1/12). After a hearing on the charged violations, this Court revoked Petitioner's supervised release and sentenced him to 36 months in prison, to be followed by two years of supervised release. (Id., Doc. No. 78: Judgment on Revocation Proceedings). Petitioner was again released following his service of that sentence, and his supervised release commenced on August 29, 2014. (Id., Doc. No. 81 at 1: U.S. Probation Petition).

In May 2015, the probation office filed a warrant for Petitioner's arrest, alleging two violations of the conditions of his supervised release based on Petitioner's possession with intent to distribute crack and powder cocaine and his possession of drug paraphernalia. (Id. at 1-2). The probation office recommended the revocation of Petitioner's supervised release and noted that the Sentencing Guidelines advised a sentence of between 33 and 36 months in prison, as limited by an applicable three-year statutory maximum term of imprisonment.[1] The probation office also asserted that this Court could impose an additional term of supervised release up to life. (Id. at 5).

During a hearing conducted by this Court on August 3, 2015, Petitioner admitted the

---

[1] The probation office stated: "The violation listed is a Grade A Violation pursuant to 7B1.1(a)(1). According to 7B1.3(a)(1), upon a finding of a Grade A Violation, the Court shall revoke supervised release. The Revocation Table at 7B1.4(a) provides for a guideline range of 33-41 months imprisonment for a Grade A Violation with a criminal history category of VI. However, since the guideline range exceeds the statutory authorized term of imprisonment, the guideline range becomes 33-36 months imprisonment." (Id. at 5).

charged violations in accordance with an agreement with the Government. (Id., Doc. No. 97: Final Supervised Release Revocation Hearing). The Government, in turn, agreed to recommend a low-end sentence of 33 months in prison and not to prosecute Petitioner for the new drug-trafficking offense. (Id. at 3; 6). Furthermore, Petitioner, through counsel, argued that he had already served the maximum term of supervised release and could not receive any additional term. (Id. at 9). In response, the Government argued in favor of an additional term of two years of supervised release. (Id. at 10). This Court overruled Petitioner's objection to an additional term of supervised release, and the Court sentenced Petitioner to 33 months in prison, to be followed by two years of supervised release. (Id. at 43).

Petitioner appealed and in January 2016, the Government filed a motion to remand, in which the Government stated that it conceded that because Petitioner received 36 months in prison following the first revocation and 33 months in prison as a result of the second revocation, those terms exceed a total of 60 months and this Court, therefore, lacked authority to impose any additional terms of supervised release. Based on the Government's arguments, the Fourth Circuit remanded the action to this Court. (Id., Doc. No. 98). On March 28, 2016, this Court entered an amended revocation judgment, imposing the same custodial term of 33 months of imprisonment based on Petitioner's supervised release violation, but striking the new term of supervised release. (Id., Doc. No. 101: Amended Revocation Judgment).

Petitioner placed the instant motion to vacate in the prison mail system on June 16, 2016, and it was stamp-filed in this Court on June 21, 2016. As his sole claim in the motion to vacate, Petitioner contends that he received ineffective assistance of counsel based on counsel's failure to challenge the custodial term of 33 months of imprisonment that Petitioner received after violating his supervised release.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As his sole ground for relief, Petitioner contends that he received ineffective assistance of counsel based on counsel's failure to challenge his sentence of 33 months imprisonment after his second violation of his supervised release. Specifically, Petitioner contends that he has been "sentenced to an aggregate term of incarceration of sixty-nine months which exceeds his maximum term of incarceration that could be imposed by statute by nine months," and he further contends that his "33 month current supervised release sentence is nine months over what the District Court has the authority to impose." (Doc. No. 1 at 15-16). Petitioner contends that his "appellate and trial counsel provided ineffective assistance by not including this argument before the Fourth Circuit Court of Appeals when . . . the new term of imprisonment for the supervised release was imposed." (Id.). Petitioner contends that counsel's conduct "was objectively unreasonable as he brought the issue of the additional 24 month term of supervised release being over the statutory maximum," but that counsel "should have known that the 33 month term of imprisonment exceeded the maximum sentence under 3583(h) of five years." (Id. at 16). Petitioner goes on to argue that "the prejudice is clear as the Petitioner is now sentenced nine months over the statutory maximum sentence of five years." (Id.).

4

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Petitioner's ineffective assistance of counsel claim is without merit. Petitioner has not shown that counsel was deficient for failing to challenge the 33-month custodial sentence that Petitioner received for violating his supervised release. Here, the 33-month custodial sentence was at the low end of the guidelines range, and Petitioner benefited from the fact that the Government decided not to prosecute the underlying offense independently. Petitioner appears to be contending that the two custodial sentences he received for violating supervised release could not exceed sixty months. Petitioner is incorrect. As the Government explained in its motion to remand, Section 3583(h), which governs the length of supervised release after the

revocation of a defendant's term of supervised release, provides that "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). The Fourth Circuit has held that, in determining whether a district court may impose an additional term of supervised release after the revocation of a defendant's supervised release, 18 U.S.C. § 3583(f) requires that "the prison term in the current revocation sentence, together with all prison time imposed under any prior revocation sentence or sentences, must be aggregated." United States v. Maxwell, 285 F.3d 336, 341 (4th Cir. 2002).

Based on Petitioner's conviction under § 841(b)(1)(B), he could not be sentenced to a term of supervised release greater than five years. Thus, as applied to Petitioner, Section 3583(h)'s aggregation requirement means that if the custodial terms he received after the first revocation of his supervised release added up to more than five years of prison, this Court did not have the authority to impose an additional term of supervised release. Because the custodial terms Petitioner received after the first revocation of his supervised release did total more than five years of prison, the Fourth Circuit granted the motion to remand and this Court entered the amended revocation judgment, imposing the same custodial term of 33 months of imprisonment based on Petitioner's supervised release violation, but striking the new term of supervised release.

In the motion to vacate, in which he contends that counsel was ineffective for failing to challenge the 33-month custodial sentence Petitioner received for violating supervised release, Petitioner misunderstands Section 3583(h)'s aggregation requirement. The 33-month sentence that Petitioner received was not his sentence of supervised release—the 33-month sentence was

the custodial sentence imposed as a result of violating his supervised release. Nothing in Section 3583(h) prohibits Petitioner's custodial sentences based on violating his supervised release from exceeding sixty months. Furthermore, Petitioner's 33-month custodial sentence was clearly within the guidelines range, based on Petitioner's admission at the revocation hearing to a Grade A violation with the criminal history category of VI.[2] See 18 U.S.C. § 3583(e)(3); Revocation Table, U.S.S.G. § 7B1.4(a). Thus, counsel's failure to challenge the 33-month sentence that Petitioner received for violating his supervised release did not constitute deficient performance. In sum, Petitioner's claim of ineffective assistance of counsel is without merit.

Finally, and alternatively, Petitioner cannot use Section 2255 to attack retroactively the advisory guideline range on which his 33-month sentence was based. See, e.g., United States v. Foote, 784 F.3d 931, 935-36 (4th Cir. 2015).

IV. **CONCLUSION**

For the reasons stated herein, Petitioner's § 2225 petition is denied and dismissed.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's § 2255 petition, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

---

[2] Moreover, the statutory maximum sentence for the underlying Section 841(b)(1)(B) violation was 40 years. (PSR at ¶ 75). Petitioner does not argue that the custodial sentences he received for violating his supervised release conditions have exceeded 40 years, nor could he.

7

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: July 28, 2016

Frank D. Whitney
Chief United States District Judge